[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and defendant husband were married in Geneseo, New York, on April 28, 1977. CT Page 1087
The plaintiff has resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
Two children were born to the wife, both are issue of the marriage and are minors, to wit: Christian Gary Mastrodonato, born December 1, 1977; and Eric Carl Mastrodonato, born July 27, 1987.
The court finds that the marriage has broken down irretrievably, there is no prospect of any reconciliation and a decree of dissolution may enter.
The defendant appeared pro se.
The parties have been separated since September 1, 1992, which was a period of thirteen (13) months at the time of the trial.
The wife claims that the husband has had "hundreds" of affairs. Obviously, these could not be totally corroborated; however, the court is convinced that the husband had a number of sexual affairs during the course of the marriage and that these affairs were the major cause of the breakdown of the marriage. In fact, the husband fathered a child and was secretly sending the child's mother $300 each month for a considerable period of time before his wife became aware of the situation.
The wife is not entirely blameless or faultless, having admitted that she too had an affair in 1983. She also had an affair in 1991.
In 1990, the husband had an open heart surgery, and in 1992 he stopped drinking and started to go to A.A. meetings. In March, 1993, he was fired from his present employment and has yet to find another job. He has, however, had a relatively good work history. He presently collects unemployment compensation.
The wife shows earnings of $52,200 per year gross. The court is, however, of the opinion from the testimony presented that the figure is understated.
Aside from the issue of fault, the most contested matter CT Page 1088 dealt with the issue of custody. The husband wants an order of joint custody and the wife wishes to have sole legal custody.
Although the parties have exhibited different parenting styles, the court does not feel that sole custody to the wife would be in the children's best interest. The father, in spite of his amorous extramarital affairs, has been a good father.
Having considered all of the evidence, and further having considered the mandates of Connecticut General Statutes, Secs.46b-81, 46b-82 and 46b-84, the court finds and orders as follows:
1. There shall be joint legal custody of the minor children with the children residing with the mother.
Father shall have visitation as follows:
 (a) Every Wednesday from 5 p. m. to 8 p. m., and every other weekend from Friday at 5 p. m. to Sunday at 8 p. m.
 (b) Summer visitation for a continuous two week period and an additional one week. Dates of said summer visitation shall be communicated to the mother on or before May 15 of each year.
 (c) Either party may take the children out of the State of Connecticut for holiday or vacation purposes. If, however, a permanent move is contemplated, then sixty (60) days notice to the other party is ordered.
(d) Holidays shall be alternated as follows:
 (1) Christmas 1994 with the mother except father shall see the children on Christmas Day from 11 a.m. to noon. If the defendant does not take the children to his parents in Rochester, then his Christmas visitation in alternate years shall commence Christmas Eve at 3 p. m. and end Christmas Day at 7 p. m. If the defendant intends to take CT Page 1089 the children to visit his parents in Rochester, then his visitation shall commence on December 23, at 1 p. m. and end on December 27 at 8 p. m.
 (2) New Year's 1995 with the mother. In alternate years the defendant's visitation shall commence at 10 a.m. on the day before New Year's and end at 7 p. m. on New Year's Day.
 (3) Easter 1994 with the father. If Easter falls on a weekend which is not regularly scheduled as the father's alternate weekend visitation, then it shall be treated as if it were an alternate weekend visitation, and the weekend visitation schedule shall be adjusted thereafter.
(4) Memorial Day 1994 with the father.
(5) Labor Day 1994 with the mother.
(6) Fourth of July 1994 with the mother.
 The mother normally takes the children to visit her parents and relatives in Mexico during the summer for a period of a month or more. Alternate weekend visitation and holiday visitation by the father shall be suspended during these times. Likewise, if the mother takes the children out of the country on alternate years between Christmas and New Year's, the father's alternate weekend visitation shall be suspended during that time.
 (7) Thanksgiving Day 1994 with the mother. If the father's alternate weekend visitation falls immediately after Thanksgiving Day in a year when the children are scheduled to spend Thanksgiving Day with him, then he may extend his visitation continuously from Thanksgiving Day through Sunday at 7 p. m. The father's Thanksgiving Day visitation shall commence at 10 a.m. and end at 8 p. m. CT Page 1090
 The father shall have the right to telephone both children between 4 p. m. and 8 p. m. daily. The children shall make "collect" calls only to the father if they wish to initiate a telephone call to him.
 The father shall be punctual in picking up and delivering the children.
2. The husband shall pay to the wife the sum of $90 per week in the support of the minor children, which sum is substantially in compliance with the Connecticut Child Support Guidelines.
3. No periodic alimony shall be paid by either party.
4. The wife shall maintain, as available through her employment, medical and dental insurance for the benefit of the minor children. All unreimbursed medical and dental expenses shall be divided equally between the parties. The provisions of Connecticut General Statutes, Sec. 46b-84(c) shall apply.
5. The husband shall, within sixty (60) days, reimburse the wife the sum of $1,200 plus one-half of all present unreimbursed outstanding children's medical bills.
6. The husband shall be entitled to keep the boat.
7. The parties shall be entitled to share equally the short term and long term capital loss carry-overs as shown on the 1990 federal income tax return.
8. The children's bank accounts, security accounts, UGMA accounts, trust accounts, etc., shall be transferred to the wife to be held by her as trustee or custodian for the children. The defendant shall account to the plaintiff for all deposits and withdrawals from said accounts from August, 1991 to date, and reimburse said accounts for any withdrawals made on his behalf.
9. The husband shall pay to the wife as a property distribution the sum of $4,000 within one year.
10. The husband shall maintain the present CIGNA CT Page 1091 insurance policy naming the children as irrevocable beneficiaries for so long as he is required to pay child support.
11. Each party shall be the owner of the personal property in his or her possession except that the defendant shall deliver to the plaintiff the following items in his possession:
(a) new video camera or equivalent — $700;
(b) juice extractor;
 (c) Lladro porcelain dolls and ballerina, and boy with dog;
(d) personal family video tapes;
(e) women's foul-weather gear.
12. Except as otherwise provided, each of the parties shall be responsible for his or her own liabilities as shown on the financial affidavits, and for his or her own costs and attorney's fees.
13. The defendant shall pay Dr. Raymond's bill in the amount of $322, and shall reimburse the wife $146.50 for payment made to Dr. Finklea.
Mihalakos, J.